# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:15-CR-381 |
| Plaintiff, | : | |
| | : | JUDGE DONALD C. NUGENT |
| -vs- | : | |
| MATTHEW J. KING, | : | **DEFENDANT'S MOTION IN** |
| | : | **LIMINE TO EXCLUDE TRANSCRIPTS** |
| Defendant. | : | **AND PORTIONS OF RECORDINGS** |
| | : | |

    Defendant Matthew King, through counsel, respectfully requests this Honorable Court to exclude portions of the audio/video recordings that are either not relevant to the charges against him or have a probative value that is substantially outweighed by the danger of unfair prejudice and misleading the jury. Additionally, Mr. King requests the Court exclude the use of the transcripts of these recordings prepared by the government because they are inaccurate. Mr. King asks that arguments on this motion be heard prior to the start of voir dire on Monday, May 16, 2016.  The reasons supporting this motion are discussed in the attached memorandum, which is incorporated herein by reference.

    Respectfully submitted,

*/s/Timothy C. Ivey*
TIMOTHY C. IVEY (0039246)
Assistant Federal Public Defender
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: timothy_ivey@fd.org

/s/ *CATHERINE ADINARO*
CATHERINE ADINARO (0088731)
Attorney at Law
The Office of the Federal Public Defender
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
Email: cathi_adinaro@fd.org

/s/ *CATHERINE ADINARO*
CATHERINE ADINARO (0088731)
Attorney at Law

**MEMORANDUM IN SUPPORT**

I.   **The Charges**

On October 14, 2015, a three count indictment was filed charging Mr. King with three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(2)(B). Count 1 alleges that on or about February 10, 2014, Mr. King attempted to conduct a financial transaction affecting interstate commerce with the intent to conceal and disguise the nature, location, source, ownership, and control of property which he believed to be proceeds of drug trafficking. The indictment specifically lists Mr. King's attempted financial transaction as: "Defendant did accept $20,000 in U.S. currency represented to be proceeds of the distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1)." (Dkt. 1: Indictment, PageID 1).

Count 2 alleges that on or about February 18, 2014, Mr. King did knowingly conduct or attempt to conduct a financial transaction affecting interstate commerce with the intent to conceal and disguise the nature, location, source, ownership, and control of property which he believed to be proceeds of drug trafficking. The indictment specifically lists Mr. King's financial transaction as: "Defendant did write a check in the amount of $2,000 made payable to M.A.T. and Associates for the purpose of laundering U.S. currently that had been represented to King to be proceeds of the distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1)." (Dkt. 1: Indictment, PageID 2).

Lastly, Count 3 alleges that on or about March 4, 2014, Mr. King did knowingly conduct or attempt to conduct a financial transaction affecting interstate commerce with the intent to conceal and disguise the nature, location, source, ownership, and control of property which he believed to be proceeds of drug trafficking. The indictment specifically lists Mr. King's financial

transaction as: "Defendant did write a check in the amount of $2,000 made payable to M.T. for the purpose of laundering U.S. currently that had been represented to King to be proceeds of the distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1)." (Dkt. 1: Indictment, PageID 2-3).

**II.      Analysis**

   **a.  Recordings**

In its trial brief, the government lists 6 audio/video recordings from six different dates. While Mr. King recognizes that portions of these recordings are relevant, there are portions of these lengthy recordings that are not relevant to the charges against him. By way of example, the audio recording for February 4, 2014 is 1 hour and 18 minutes long. For approximately 25 minutes, Mr. King and the confidential informant (CI) talk about Mr. King's possible representation of the CI's girlfriend, women, college basketball, and other topics not related to the issue relevant to this case. This has no relevance to the money laundering charges at issue in this trial. Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Evid. 401. Because portions of these recordings are not relevant to this case, Mr. King respectfully requests the court limit the portions of the recordings being played to the jury to include the relevant sections only.

   **b.  Transcripts**

The government has provided the defense with copies of transcripts of the various recordings it is seeking to play at trial. In its trial brief, the government indicated that "relevant portions of the audio have been prepared and will play contemporaneously with the audio." (Dkt.

25: Govt Trial Brief, PageID 127). Mr. King objects to the inclusion of these transcripts and requests the court not permit them to be shown to the jury.

Undersigned counsel has been working diligently to compare the transcripts with the audio and has several still to go through. However, the transcripts that have been reviewed have found to have numerous inaccuracies. Moreover, the audio is very difficult to hear in portions and therefore the translation is properly left to the jury for determination. *See United States v. Segines*, 17 F.3d 847, 854-855 (6th Cir. 1994). When the audio is difficult to decipher, the use of a transcript is improper. *Segines*, 17 F.3d at 855 (district court abused its discretion in permitting the use of transcripts "despite the authentication of accuracy by Agent Brock and despite the judge's repeated cautionary instruction to the jury regarding the limited role of the transcript in the trial."). In light of the inconsistencies between the audio and the transcripts and because the audio is very difficult to decipher, Mr. King objects to the use of the transcripts at trial and requests the court exclude them.

Should the court decline to exclude the transcripts, the Sixth Circuit has set out "certain procedures . . . for determining its accuracy." *Segines*, 17 F.3d at 854. In the absence of a stipulation by the parties as to the accuracy of the transcript, the transcriber must testify that he or she listened to the tape and accurately transcribed its content. *United States v. Robinson*, 707 F.2d 872, 878-879 (6th Cir. 1983). Additionally, the district court must make "an independent determination as to the accuracy by reading the transcript against the tape." *Id*. at 879.

## III. Conclusion

For the foregoing reasons, Mr. King respectfully requests this Court exclude the irrelevant portions of the recordings and prohibit the use of the inaccurate transcripts.

        Respectfully submitted,

        */s/Timothy C. Ivey*
        TIMOTHY C. IVEY (0039246)
        Assistant Federal Public Defender
        1660 West Second Street, Suite 750
        Cleveland, Ohio 44113
        (216) 522-4856 Fax: (216) 522-4321
        e-mail address: timothy_ivey@fd.org

        /s/ *CATHERINE ADINARO*
        CATHERINE ADINARO (0088731)
        Attorney at Law
        The Office of the Federal Public Defender
        1660 West Second Street, Suite 750
        Cleveland, Ohio 44113
        (216) 522-4856 Fax: (216) 522-4321
        Email: cathi_adinaro@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2016, a copy of the foregoing Motion in Limine was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

        */s/Timothy C. Ivey*
        TIMOTHY C. IVEY (0039246)
        Assistant Federal Public Defender