# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW KING, | CASE NO.: 1:15CR381 |
| | 1:19CV00051 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| UNITED STATES OF AMERICA | MEMORANDUM OPINION |
| | AND ORDER |
| Respondent. | |

This matter comes before the Court upon Petitioner Matthew King's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. (ECF #81). Petitioner seeks to vacate, set aside, or correct his sentence on three counts of money laundering in violation of 18 U.S.C. 1956(a)(3)(B).

## FACTUAL AND PROCEDURAL HISTORY

On October 14, 2015, Petitioner was charged in an indictment with three counts of money laundering in violation of 18 U.S.C. 1956(a)(3)(B). (ECF# 1). Petitioner filed a motion in limine to exclude recorded statements between a criminal informant and himself. (ECF #36). On June 16, 2016, Petitioner was convicted by a jury on all three counts. (ECF # 45). On July 21, 2016, Petitioner filed a motion for a judgment of acquittal and for a new trial. (ECF #54). Petitioner's motion was denied on August 30, 2016. (ECF #62). On the same day, this Court sentenced Petitioner to 44 months in prison on each count, to be served concurrently. (*Id.*). On August 4, 2017, the Sixth Circuit affirmed this Court's decision. (ECF # 77). On January 8, 2018, the Supreme Court denied Petitioner's writ of certiorari. (ECF #80).

On January 8, 2019, Petitioner filed the instant Motion to Vacate under 28 U.S.C. 2255.

(ECF # 81). On February 1, 2019, the Government filed a Response to Petitioner's Motion to Vacate, arguing that Petitioner's claims are procedurally defaulted or have already been litigated on direct appeal and should be denied. (ECF # 83).

## ANALYSIS

### I. Legal Standards

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the record, conclusively show that the petitioner is not entitled to relief, then the court need not grant an evidentiary hearing on the motion. *See* 28 U.S.C. § 2255; *see also Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (stating that no evidentiary hearing is required where there "record conclusively shows that the petitioner is entitled to no relief") (quoting *Arredonda v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### II. Claims Raised on Direct Appeal

A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances, such as an intervening change in law. *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

2

Petitioner raised the following issues on direct appeal: (1) the recorded statements were admitted in violation of his Sixth Amendment right to confront the witnesses against him; and (2) the Court erred when it allowed the United States to introduce evidence of his prior arrest for cocaine possession. Petitioner raises the following issues in his instant motion: (1) the recorded statements were admitted in violation of his Sixth Amendment right to confront witnesses against him (Issue I); (2) the recorded statements were hearsay and admitted in violation of his Sixth Amendment right to confront witnesses against him (Issue II); and (3) the introduction of evidence of his prior arrest for cocaine possession is reversible, not harmless, error (Issue V).

The Sixth Circuit rejected Petitioner's Confrontation Clause claims. It held that the recordings were not offered for the truth of the matter asserted, but rather to prove what was "represented" to Petitioner, an element of money laundering in violation of 18 U.S.C. 1956(a)(3). Furthermore, the Sixth Circuit held that the introduction of Petitioner's prior arrest for cocaine possession was harmless error in light of the overwhelming evidence against him.

Because these issues were already litigated on direct appeal, and Petitioner has not demonstrated any highly exceptional circumstances, such as an intervening change in law, to support relitigation of these issues, Petitioner's claims in Issues I, II, and IV are denied.

### III. Procedurally Defaulted Claims

Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Petitioner's remaining claims (Issues III, IV, and VI) were not raised on direct appeal. In failing to do so, Petitioner procedurally defaulted on those claims.

3

Furthermore, Petitioner has not even attempted to demonstrate cause and prejudice or actual innocence. For these reasons, Petitioner's claims are procedurally defaulted.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court

must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #81) is DENIED. Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: February 20, 2019